Lillie Mae WELDON, Appellant,

v.

J.M. HILL, Appellee.

No. 2–83–221–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 17, 1984.

Danny D. Burns, Fort Worth, for appellant.

Jimmy L. Browning, Breckenridge, for appellee.

Before HUGHES, SPURLOCK and HILL, JJ.

## OPINION

JOE SPURLOCK II, Justice.

This is a suit arising out of and ancillary to a probate matter. The present cause of action sought a determination of appellee's, J.M. Hill's, rights as a lawful legatee and devisee under the will of his deceased mother, Mabel Hill. The suit further sought to require an accounting by Lillie Mae Weldon, appellant here and daughter of the deceased, as the independent executrix of the estate of Mabel Hill. Appellee also sought a determination of and declaration by the court as to the property to which he would be entitled upon partition and distribution of such estate. Trial was to a jury and based upon the jury's answer to a single special issue judgment was entered in favor of the appellee from which judgment the present appeal was taken.

We affirm.

Appellant raises two points of error in the present appeal. Her points of error challenge the jurisdiction of the trial court and the propriety of the trial court's overruling of her plea in abatement. Though neither point of error challenges the sufficiency of the evidence, a partial review of the facts is necessary.

On the evening of December 7, 1967, the appellee shot and killed his mother, Mabel Hill. A review of the facts of this shooting are not necessary for a determination of this appeal. In the early part of 1968, the last will of Mabel Hill was admitted for probate in the County Court of Stephens County, Texas. The will of Mabel Hill named her daughter, Lillie Mae Weldon, appellant here, as independent executrix and directed that she act without bond. The will further directed that "no proceedings be had in Probate Court other than to probate this will and return an inventory, appraisement and list of claims." Letters testamentary were issued to appellant as independent executrix upon her taking of the oath required by law. An inventory

and appraisement was entered in the probate proceedings and approved by the court in September of 1970.

The will of Mabel Hill disposed of all of her property, both real and personal, by bequests to both her son, appellee, and her daughter, appellant. The will restricted the sale of all real property for a period of twenty years after the death of Mable Hill and further directed that should appellee or appellant die before the expiration of such time then their interest should go to their respective "body heirs".

Acting as independent executrix, the appellant has refused to partition and distribute any of the property and assets of the estate of Mabel Hill to appellee. Appellant has justified such refusal by alleging that appellee intentionally caused the death of their mother, Mabel Hill. Appellee filed an application for partition and distribution of the estate in the probate proceedings. Thereafter, the County Court of Stephens County, on its own motion, transferred the probate proceedings to the District Court of Stephens County. That probate proceeding is still pending in the District Court of Stephens County under Cause No. 18,-493-A.

In September of 1982, appellee initiated the present cause of action under a separate cause number, 21,827, in the District Court of Stephens County. Appellant filed an original answer, subject to her plea in abatement, which contained a plea to the jurisdiction of the court and alleged the intentional killing of Mabel Hill. The court overruled appellant's plea in abatement. Appellant filed a motion to dismiss alleging want of jurisdiction of the District Court which motion was denied by the court.

The docket sheet of the District Court of Stephens County reflects that case # 21,-827, came to trial on May 31, 1983. Such docket sheet further reflects that plaintiff, appellee here, moved for a mistrial and same was granted by the court. Venue was changed and on July 25, 1983, the cause was transferred by the 90th District Court sitting in Stephens County to the 90th District Court sitting in Young Coun-

ty. The case proceeded to trial and judgment was entered by the District Court of Young County based on the jury's answer to a single special issue. The special issue inquired: "Do you find from a preponderance of the evidence that J.M. Hill knowingly or intentionally shot and killed Mabel Hill?" The jury answered in the negative by stating "We do not". At trial, the parties stipulated that the records before the court were true and correct, that the probate proceedings were then pending in the District Court of Stephens County under cause no. 18,493, that certain powers of attorney executed by the children of appellee, J.M. Hill, in his favor were acceptable and finally that appellee did shoot and kill Mabel Hill.

The present appeal arising from the lawsuit filed in 1982 is not a result of the first trial or appeal for the issues addressed in this case. The record shows appellee previously filed an application for partition and distribution of the estate of Mabel Hill and the County Court of Stephens County dismissed the same for lack of jurisdiction. Appellee appealed that matter to the District Court of Stephens County which entered a judgment in favor of appellee on May 30, 1980. Such judgment was based on a jury finding that appellee, here, did not knowingly or intentionally shoot and kill Mabel Hill. Appellant appealed that judgment to the Eleventh Supreme Judicial District Court of Civil Appeals in Eastland, which court, in an unpublished opinion, vacated the district court's judgment and dismissed the cause. The Eastland Court of Civil Appeals stated:

This is a probate matter. J.M. Hill filed in the County Court of Stephens County an application for partition and distribution of the Estate of Mabel Hill against Lillie Mae Weldon, Independent Executrix of said estate. The application was dismissed for lack of jurisdiction. Hill appealed said dismissal to the district court of Stephens County. After Mrs. Weldon's motion to dismiss was overruled by the district court and after a jury trial, judgment was entered for

Hill. Mrs. Weldon appeals. We vacate the judgment of the trial court and dismiss the cause.

In her first point of error Mrs. Weldon urges that the trial court erred in entering judgment because the trial court lacked jurisdiction. We agree.

*Weldon v. Hill,* No. 5554 (Tex.Civ.App.— Eastland, January 22, 1981, writ ref'd n.r.e.) (not reported).[1]

The net effect of the above is that the probate of the will of Mabel Hill has remained open for the past sixteen years and still remains open today. During this time none of the property or assets of Mabel Hill have been distributed under her will and the independent executrix, appellant, has maintained total control over all of such property and assets. The inactivity and absence of resolve in the affairs of the estate of Mabel Hill is mainly due to the extreme animosity between the appellant and appellee as noted by the trial court in the present case. It should also be noted that during the pendency of the probate proceedings, the probate laws of this State have undergone numerous changes, which changes have added to the protraction of such probate proceedings.

Appellant's point of error one contends that the trial court erred in entering judgment for appellee because the trial court lacked jurisdiction due to the will's provision that there shall be no other action other than the probating of the will and a return of an inventory and appraisement and list of claims. Appellant asserts that TEX.PROB.CODE ANN. sec. 5 (Vernon 1980), prohibits the filing of the present cause of action in the district court and therefore, the trial court's judgment should be reversed and the cause dismissed. We disagree with appellant's contentions.

■ Appellant's challenge is to the jurisdiction of the District Court of Stephens County to hear the cause of action contained in the present appeal. Although it was the District Court of Young County that rendered the judgment in the present case, the jurisdiction of the District Court of Young County is dependant upon the jurisdiction of the District Court of Stephens County. TEX.R.CIV.P. 255 and 259(d)(1). It should be noted that the counties of Stephens and Young constitute the 90th Judicial District of the State of Texas. TEX.REV.CIV.STAT.ANN. art. 199, sec. 90 (Vernon Supp.1984). Further, the County of Stephens is contained within the Eleventh Supreme Judicial District while the County of Young is contained within the Second Supreme Judicial District, which fact accounts for the present appeal to this court and the previous appeal to the Eastland Court of Civil Appeals. TEX.REV. CIV.STAT.ANN. art. 198 (Vernon Supp. 1984).

The constitutional jurisdiction of the county court is set out in TEX. CONST. art. V, sec. 16. The jurisdiction of the District Court is controlled by TEX. CONST. art. V, sec. 8. The pertinent part of sec. 8 is as follows:

The district court, concurrently with the county court, shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law. In any proceeding involving the general jurisdiction of a probate court, including such specified proceedings, the district court shall also have all other jurisdiction conferred upon the district court by law. *The legislature, however, shall have the power, by local or*

---

1. This opinion is not cited as authority for a position taken or determination to be made by this Court in the present appeal. It is merely cited to restate and note the position taken and final determination made by the Eastland Court of Civil Appeals. Such citation is not intended to contravene TEX.R.CIV.P. 452(f).

*general law, Section 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change.* The legislature shall have power to adopt rules governing the filing, distribution and transfer of all such cases and proceedings as between district courts, county courts, and other courts having jurisdiction thereof, and may provide that all appeals in such matters shall be to the courts of (civil) appeals.

TEX. CONST. art. V, sec. 8 (emphasis added).

The legislature, having the power to enact statutes which affect the jurisdiction of the County and District Courts in probate matters, has enacted sec. 5 of the Texas Probate Code. Before setting out the applicable portion of sec. 5, we note that there is neither a statutory probate court nor a county court at law nor any other statutory court setting in Stephens County which exercises the jurisdiction of a probate court. TEX.REV.CIV.STAT.ANN. art. 1970–321 (Vernon 1964). The applicable provisions of sec. 5 therefore, are as follows:

(a) The district court shall have original control and jurisdiction over executors, administrators, guardians and wards under such regulations as may be prescribed by law.

(b) *In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court,* all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that *in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court.* In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court, and it shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition, and distribution of estates of deceased persons and to apprentice minors, as provided by law. *Upon resolution of all pending contested matters, the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court.*

\* \* \* \* \* \*

(d) *All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate.* When a surety is called on to perform in place of an administrator or guardian, all courts exercising original probate jurisdiction may award judgment against the personal representative in favor of his surety in the same suit.

TEX.PROB.CODE ANN. sec. 5 (Vernon 1980) (emphasis added).

As stated above, the will of Mabel Hill provided for independent administration of her estate as provided for in sec. 145 of the Texas Probate Code. Section 145 provides in part:

(a) Independent administration of an estate may be created as provided in Subsections (b) through (e) of this section.

(b) Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, ap-

praisement, and list of claims of his estate.

\* \* \* \* \* \*

(h) When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, *further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court.*

TEX.PROB.CODE ANN. sec. 145 (Vernon 1980) (emphasis added). All of the above related code sections, civil statutes and constitutional articles, when taken together, constitute the jurisdictional nightmare with which the parties to this suit have had to contend up to this point.

Appellee's third amended petition, filed in this case, stated a cause of action against appellant, Lillie Mae Weldon, as independent executrix of the estate of Mabel Hill. Appellee's petition prayed that he be declared a lawful devisee and legatee of Mabel Hill. It further sought a declaration by the court of the property and assets to which he would be entitled upon partition and distribution of the estate of Mabel Hill. Appellee's children, Jimmy Ray Hill and Johnny Hill, joined him in this petition. Appellee's children sought a similar declaration of the property and assets to which they would be entitled upon any distribution, to them, of the property and assets to which their father would otherwise have been entitled as well as a full accounting by appellant and a money judgment against appellant for the amount of monies, if any, belonging to them. Appellee's petition did not seek a partition and distribution of the estate of Mabel Hill. Appellant contends that the district court did not have jurisdiction over this cause of action.

Appellant's answer to the appellee's cause of action denied the appellee's right to receive under the will. Appellant justi-fied such denial by alleging that appellee intentionally shot and killed Mabel Hill. It is well settled that "the law will impose a constructive trust upon the property of a deceased which passed either by inheritance or by will if the beneficiary willfully and wrongfully caused the death of the deceased." *Bounds v. Caudle,* 560 S.W.2d 925, 928 (Tex.1977). *See: Parks v. Dumas,* 321 S.W.2d 653 (Tex.Civ.App.—Fort Worth 1959, no writ). It has further been held that "[w]hether the trust will be impressed in favor of the heirs of the murder victim or the contingent beneficiary named in the will should be determined according to the *intent* of the murder victim" and "[u]nless established as a matter of law, this intent question is one for the trier of fact ..." *Gordy v. Alexander,* 550 S.W.2d 146, 149 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

It is clear that appellee's third amended petition, upon which he went to trial, sought either a declaration that he was a lawful legatee and devisee under the will of Mabel Hill or in the alternative the imposition of a constructive trust in favor of his children. Appellee further sought a declaration of the property and assets to which he would be entitled upon partition and distribution of the estate of Mabel Hill. Appellant contends the district court lacked jurisdiction to hear this matter pursuant to sec. 5 and sec. 145 of the Texas Probate Code. We disagree with appellant's contentions.

■ Section 145(h) of the Probate Code only prohibits further action in the "county court". TEX.PROB.CODE ANN. sec. 145(h) (Vernon 1980). Section 145 is silent as to a prohibition of actions in all other courts. Clearly, the present action would not be affected by this code section.

■ At trial, the parties stipulated that the probate proceedings were then pending in the District Court of Stephens County under cause number 18,493. It appears that such proceedings were transferred there by the County Court of Stephens County on that court's own motion. The

county court had the power to make such a transfer pursuant to sec. 5(b) of the Probate Code. *See: Novak v. Stevens*, 596 S.W.2d 848 (Tex.1980). Section 5(b) further provides that upon such transfer the district court "may then hear such proceeding as if originally filed in such court." TEX. PROB.CODE ANN. sec. 5(b) (Vernon 1980). The district court therefore, was exercising original probate jurisdiction over the probate proceedings, following such a transfer. Pursuant to sec. 5(d), the district court then had "the power to hear all matters incident to an estate." TEX.PROB. CODE ANN. sec. 5(d) (Vernon 1980).

Section 5A of the Probate Code defines the term "incident to an estate". Section 5A(b) provides:

(b) *In proceedings in the statutory probate courts and district courts*, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, *all actions for trial of the right of property*, all actions to construe wills, the interpretation and administration of testamentary trust and *the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons*. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any guardianship, heirship proceeding, or decedent's estate, including estates administered by an independent executor. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors. All statutory probate courts shall

have the same powers over independent executors that are exercisable by the district courts. In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

TEX.PROB.CODE ANN. sec. 5A(b) (Vernon 1980) (emphasis added). As stated previously, no statutory probate courts exist in Stephens County.

▆▆▆ We find that appellee's suit, in as far as it stated a cause of action concerning the existence of a constructive trust, was properly brought in the District Court of Stephens County. *Mejorada v. Gonzalez*, 663 S.W.2d 891 (Tex.App.—San Antonio 1983, no writ). *See: Gordy*, 550 S.W.2d at 148. We further find that a determination of appellee's existence as a lawful legatee and devisee, by virtue of an unintentional killing of Mabel Hill, was a matter incident to the estate of Mabel Hill. We therefore find that the district court properly had jurisdiction over so much of appellee's cause of action as asked for a declaration of his existence as a lawful legatee and devisee under the will of Mabel Hill and which further sought, in the alternative, the imposition of a constructive trust in favor of his children.

Section 149B of the Probate Code provides for an accounting and distribution of an estate being administered by an independent executrix. This section states:

(a) In addition to or in lieu of the right to an accounting provided by Section 149A of this code, at any time after the expiration of 12 months after all estate and all inheritance taxes are paid or three years from the date that an independent administration was created and the order appointing an independent executor was entered, whichever date is later, *a person interested in the estate may petition the court for an accounting and distribution. The proceeding for an accounting and distribution*

*may be brought in the county court if the county judge is licensed to practice law in the State of Texas or may be brought in a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county.* The court may order an accounting to be made with the court by the independent executor at such time as the court deems proper. The accounting shall include the information that the court deems necessary to determine whether any part of the estate should be distributed.

(b) On receipt of the accounting and, after notice to the independent executor and a hearing, unless the court finds a continued necessity for administration of the estate, the court may order its distribution by the independent executor to the persons entitled to the property.

(c) If all the property in the estate is ordered distributed by the executor and the estate is fully administered, the court also may order the independent executor to file a final account with the court and may enter an order closing the administration and terminating the power of the independent executor to act as executor.

TEX.PROB.CODE ANN. sec. 149B (Vernon 1980) (emphasis added).

That part of sec. 149B which provides where such a proceeding can be brought is permissive in nature in that the term "may" is used. It is obvious that in order for the court to order a partition and distribution of an estate it would necessarily have to make a determination of what property and assets each of the respective beneficiaries would be entitled to receive. Appellee's cause of action in as much as it prayed for a declaration of the property and assets to which he would be entitled upon partition and distribution of the estate of Mabel Hill was therefore, properly brought in the district court. *See: Matter of the Estate of Minnick,* 653 S.W.2d 503 (Tex.App.—Amarillo 1983, no writ). *See also: Oldham v. Keaton,* 597 S.W.2d 938, 943 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.), where the court construed that

part of sec. 149A of the Probate Code which allowed the bringing of an action against an independent executor, for an accounting, in either the district court or the probate court. We find that the district court had jurisdiction over so much of appellee's cause of action as asked for a declaration of the property and assets to which he would be entitled upon partition and distribution of the estate of Mabel Hill. We find that the district court properly had jurisdiction over appellee's entire cause of action. Appellant's point of error one is overruled.

Appellant's point of error two contends that the trial court erred in overruling her plea in abatement when there is a pending suit involving the same parties and the same controversy. Appellant argues that the probate proceeding pending in the District Court of Stephens County involved the same parties and the same controversy as appellee's present cause of action. As proof of her contentions, appellant points to the stipulation admitted at trial, the contents of appellee's third amended petition and her own plea in abatement.

At trial, counsel for plaintiff, appellee, announced to the court the following stipulation:

MR. BROWNING: Let the record reflect that the probate proceedings are now filed under Case Number 18,493 in the District Court of Stephens County, Texas, but they are one and the same papers that were filed in this proceeding in the County Court of Stephens County, Texas, under Cause Number 2702, in the County Court.

Appellee's third amended petition stated that the probate proceeding was pending in the district court under a separate cause number and that an application for partition and distribution had been filed in such proceedings.

Appellant filed two documents in the present case which were both titled pleas in abatement. Both such pleas were overruled by the trial court. Upon our review of these documents, we find that they are not pleas in abatement at all. The sub-

stance of the documents is that of pleas in bar and not pleas in abatement. Appellant's amended plea in abatement alleges that: the suit is not timely filed, the suit is premature, the suit is brought against an improper party in that it is filed against Lillie Mae Weldon in her personal capacity, the suit fails to establish a cause of action and the court is without jurisdiction. Appellant's second plea in abatement alleges that the suit is nothing more than an appeal of the probate matter which the court lacked jurisdiction to hear as determined in the prior appeal to the Supreme Court of Texas.

 It is well settled that:

The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926); *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed *if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement.*

*Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974) (emphasis added). This rule applies where two actions are filed in the same court as well. *Cogdell v. Cogdell,* 537 S.W.2d 111 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). It is clear that neither of appellant's pleas points out the pendency of the probate matters in the district court. Both pleas go more to the jurisdiction of the court than to a showing of adequate grounds for abatement. As pleas to the jurisdiction of the court such pleas were properly overruled based on our determination of appellant's point of error one. We are however, constrained from overruling appellant's point of error two at this point.

The district court's order overruling appellant's amended plea in abatement states that:

[t]he Court after considering the pleadings on file in this cause and the probate proceedings referred to in said Amended Plea in Abatement, which said probate proceedings are now on file in the District Clerk's office in Stephens County, Texas, in Cause No. 18,493–A, and hearing arguments of counsel and considering briefs filed by counsel is of the opinion that said Plea in Abatement should be overruled.

Contrary to this order, our review of the amended plea finds no reference to the pending probate proceedings. Appellee's petition does however, refer to these proceedings and the district court was obviously cognizant of such proceedings.

 The Supreme Court of Texas in *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1070 (1926), determined that abatement is proper where the court in which the first suit is filed is "a court of competent jurisdiction, and first acquired jurisdiction of this controversy, has all the necessary parties before it, and is entitled to proceed to judgment, and since it is evident that all questions necessarily or properly involved will be settled in that case, and that its judgment will be res adjudicata as against any judgment" the second court might render. Where both actions have been filed in the same court the same rule holds true and abatement would be proper where the two cases involve the same parties and the same controversy. *Cogdell,* 537 S.W.2d at 114.

If it was clear from the face of the appellee's petition that the pending proceedings involved the same parties and the same controversy then the district court should have abated the present cause of action. If abatement was proper, then no binding final judgment would exist in the present case. Under these circumstances, the judgment would not be res judicata as to the probate proceedings which are still pending in the district court. We do not, however, find this to be the case.

 Appellee's petition states that the probate proceedings were pending in the district court and that an application for partition and distribution had been filed in such proceedings. Appellant, however, was contesting the right of the appellee to

have any property or assets distributed to him. It was therefore incumbent on the parties to seek a determination of whether appellee was entitled to such distribution, thus arose the need for the present cause of action. We do not construe the mere reference to an application for partition and distribution as a fatal admission that the same issue litigated here was also contained in a pending action in the probate proceedings. This is especially true in light of the fact that appellee's petition did not seek an order of partition and distribution but, instead only a mere declaration of the property and assets to which he would be entitled upon such a partition and distribution taking place. We find that abatement was not proper in the present case. We find that a binding final judgment does exist which judgment will be res judicata as to the pending probate proceedings.

The order of the court recited above makes it clear that a hearing was held on appellant's amended plea in abatement. At such hearing, the burden was on appellant to prove her allegations supporting the necessity for abatement. *Flowers v. Steelcraft Corporation,* 406 S.W.2d 199 (Tex.1966). It appears that appellant failed to discharge that burden. The trial court in overruling her plea in abatement considered the pleadings of the parties in the present case as well as the record of the pending probate proceedings. This court does not have before it the record in those probate proceedings and the record before us neither has a statement of facts from the hearing on appellant's plea in abatement nor a bill of exceptions. The record in this respect is not sufficient for us to review the error complained of. *Hall v. McKee,* 179 S.W.2d 590, 593 (Tex.Civ.App. —Fort Worth 1944, no writ). From a review of the record that is before us, we find no error in the action taken by the trial court. Appellant's point of error two is overruled.

Finally we address an issue raised by the appellant upon oral submission of this appeal. Appellant argued that the judgment rendered by the trial court did not conform to the pleadings in this cause. The judgment declared that appellee was a lawful legatee and devisee of Mabel Hill. The judgment then stated the portion of mineral and royalty interest as well as royalties, bonuses or delay rentals and revenues held in suspense plus future revenues to which appellee was entitled. It further ordered that appellee was entitled to receive the other bequests made to him in the will of Mabel Hill. The judgment provided the relief prayed for by appellee and no more. We find that the judgment rendered by the trial court conformed to the pleadings contained in the record. TEX.R. CIV.P. 301. Appellant's contention raised on oral argument is overruled.

The judgment of the trial court is affirmed.