Virgil Leroy JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00927–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 7, 1994.

Discretionary Review Refused Oct. 26, 1994.

Kenneth R. Poland, Houston, for appellant.

John B. Holmes, Jr., Rikke Burke Graber, Colleen Barnett, Harris, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

WILSON, Justice.

Following a plea of not guilty, appellant, Virgil Johnson, was found guilty of aggravated sexual assault of a child by the trial court. Appellant pled true to one enhancement allegation, and the court sentenced appellant to 30 years in prison. Appellant presents two points of error for our review: (1) the evidence is insufficient to support a conviction, and (2) appellant should have been convicted of sexual assault, TEX.PENAL CODE ANN. § 22.011(a)(2)(C) (Vernon 1989), rather than aggravated sexual assault, TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (Vernon 1989). We affirm.

### Fact summary

On February 8, 1992, appellant and the complainant's aunt, Sharon, were babysitting the six-year-old complainant while the child's mother was at a party. The complainant was spending the night at Sharon and appellant's house. The complainant testified she woke up in the middle of the night to go to the restroom. In the bathroom, appellant approached her, and had her lay down on the floor. Then he licked her with his tongue "between her legs" and in her "private part." The complainant's mother testified the complainant called her vagina her "private part."

On April 16, 1992, the complainant told an 11–year–old friend what had happened. This friend encouraged the complainant to tell her mother, and the mother then called the police.

### Sufficiency of the evidence

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 155 (Tex. Crim.App.1991). The trier of fact is the sole judge of the credibility of the witnesses and may choose to believe or disbelieve all or any part of a witness' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102

L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Geesa,* 820 S.W.2d at 162. In a bench trial, the evidence is measured against the indictment. *See Ward v. State,* 829 S.W.2d 787, 795 (Tex.Crim.App.1992).

█ The indictment stated:

that [appellant]

did ... intentionally and knowingly cause the sexual organ of [the complainant], a person younger than fourteen years of age, to contact the tongue of the [appellant]. . . .

Appellant argues, first, that this indictment does not state an offense, because the Penal Code states an offense is committed when contact is made with the mouth, and the indictment and proof show contact with appellant's tongue. Appellant then argues that the evidence is insufficient to show contact with the complainant's sexual organ.

The Dallas Court of Appeals has addressed the same situation in which the aggravated sexual assault statute criminalizes conduct using the mouth, and the indictment alleges use of the tongue. *Montoya v. State,* 841 S.W.2d 419, 422 (Tex.App.—Dallas 1992, pet. granted). The Dallas court held,

> The statute does not define mouth and we have not found any case law defining mouth as used in the statute. . . . A "mouth" is "the cavity bounded externally by the lips and internally by the pharynx that encloses in the typical vertebrate the tongue, gums, and teeth." WEBSTER'S NEW COLLEGIATE DICTIONARY (9th ed. 1985). If we limit mouth to the *cavity* containing the tongue, gum, and teeth, then we defeat the intent of the statute because a cavity cannot make contact with another object or person as required under the statute. Common sense and common usage leads us to conclude that the legislature intended the word "mouth" to include its parts, such as teeth and tongue.

*Montoya,* 841 S.W.2d at 422. We agree with the Dallas court, and find that the indictment properly alleged the offense of aggravated sexual assault of a child.

█ Appellant next argues the evidence is insufficient because it does not show appel-lant contacted the complainant's sexual organ. The complainant testified that appellant touched "her private part." The complainant's mother testified the complainant referred to her vagina as her "private part." This evidence is sufficient to conclude appellant contacted the complainant's sexual organ. We overrule appellant's first point of error.

### *In pari materia*

In his second point of error, appellant alleges the trial court erred when it convicted him of aggravated sexual assault, TEX.PENAL CODE ANN. § 22.021 (Vernon 1989), instead of the lesser offense of sexual assault, TEX.PE-NAL CODE ANN. § 22.011. Appellant contends that the two statutes criminalize the same conduct when a victim is under 14 years of age, yet result in different punishments depending on the statute under which the indictment is sought. Relying on the doctrine of *in pari materia,* appellant claims that he should have been tried under the provision carrying the lesser punishment.

█ *In pari materia* is a principle of statutory interpretation, the purpose of which is to carry out the legislature's full intent by giving effect to all laws and provisions bearing on the same subject. *Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App.1988). Where the doctrine of *in pari materia* applies to two statutes, effort must be made to harmonize and give effect to both statutes with the more specific statute governing the general statute in the event of any conflict. *Id.*

█ To determine whether the doctrine of *in pari materia* applies, we first look to see if the two statutes cover the same general subject matter or persons, or have a similar purpose or objective. *Cheney,* 755 S.W.2d at 127. In this analysis, the characterization of the statutes' objectives is more important than the characterization of the statutes' subject matter. *Mills v. State,* 722 S.W.2d 411, 413 (Tex.Crim.App.1986). The doctrine of *in pari materia* does not apply where two statutes that govern the same subject matter have different objects, intend to cover different situations, and are not intended to be

considered together. *Alejos v. State*, 555 S.W.2d 444, 450–51 (Tex.Crim.App.1977); *Porter v. State*, 806 S.W.2d 316, 322 (Tex. App.—San Antonio 1991, no pet.); *see Willbur v. State* 729 S.W.2d 359, 361 (Tex.App.—Beaumont 1987, no pet.)

■ If two statutes are *in pari materia*, we then determine which statute more specifically proscribes the particular conduct, given the nature and elements of the stated offense. *Cheney*, 755 S.W.2d at 127. If the same conduct is punished differently by the two statutes, the more specific statute controls. *Id.* If the two statutes are not *in pari materia*, we determine whether the statutes may be harmonized or are in irreconcilable conflict. *Id.* Other rules of statutory construction then dictate which statute governs. *Id.*

■ In this case, the statutes examined are TEX.PENAL CODE ANN. § 22.-021(a)(1)(B)(iii) and TEX.PENAL CODE ANN. § 22.011(a). A person commits aggravated sexual assault if he

intentionally or knowingly … causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor … and if … the victim is younger than 14 years of age.

TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(iii). A person commits sexual assault if he

intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.

TEX.PENAL CODE ANN. § 22.011(a)(2)(C). For the purposes of both provisions, "child" is defined as a person younger than 17 years of age who is not the spouse of the actor. TEX.PENAL CODE ANN. §§ 22.011(c)(1), 22.-021(b).

■ These two statutes are not *in pari materia*. While the same subject matter and persons are covered by both provisions when the child is under 14 years of age, the statutes' purposes are different. By enacting a separate provision that treats the very young age of the child as an aggravating factor under TEX.PENAL CODE ANN. § 22.-021(a)(1)(B)(iii), the legislature clearly manifested its intent to more harshly punish those who sexually assault children under 14 than those who sexually assault children between the ages of 14 and 17. When the same conduct is proscribed by different statutes having different objectives, the rule of *in pari materia* does not apply. *Alejos*, 555 S.W.2d at 450–451.

■ Even if the two statutes are *in pari materia*, appellant's second point of error still fails. When the doctrine of *in pari materia* applies, and the same conduct is punished differently by each statute, the more specific statute applies. *Cheney*, 755 S.W.2d at 127. Section 22.021(a)(1)(B)(iii) punishes the sexual assault of children as an aggravated offense when the child is under 14 years of age. Section 22.011(a)(2)(C) punishes the sexual assault of all children under the age 17. Because the victim in this case was only six years old, section 22.021 is more specific than section 22.011, as applied to this particular offense. Thus, appellant was properly charged with the offense of aggravated sexual assault of a child.

We overrule appellant's second point of error. Finding no reversible error, we affirm the judgment of the trial court.