**B.J. HERBST and Mary Herbst Gabelcik, Appellants,**

v.

**Frank A. SHEPPARD, Representative and Independent Executor of the Estate of Rev. Henry S. Herbst, Deceased, Appellee.**

No. 13–97–751–CV.

Court of Appeals of Texas, Corpus Christi.

June 24, 1999.

---

Carl Estes Clover, Jr., Conner, Cantey
& Clover, Sealy, for Appellant.

John Griffin, Jr., Cynthia T. Sheppard,
Houston, Marek & Griffin, Attorneys at
Law, Victoria, for Appellee.

Before Justices DORSEY,
RODRIGUEZ, and KENNEDY.[1]

## O P I N I O N

Opinion by Justice RODRIGUEZ.

B.J. Herbst ("B.J.") and Mary Herbst
Gabrelcik ("Mary") (collectively referred to
as "the Herbsts") brought suit against the
estate of their brother, Monsignor Henry
S. Herbst ("Father Herbst"), seeking com-
pensation for care they provided Father
Herbst during the last years of his life.
The Herbsts presented a sworn claim for
$189,635 to Frank Sheppard, independent
executor of Father Herbst's estate, which
he denied. They then brought suit in the
county court where the administration of
Father Herbst's estate was pending as-
serting theories of breach of express con-
tract and *quantum meruit*. The county

---

1. Retired Justice Noah Kennedy assigned to
this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1988).

court transferred the case to district court, sitting as a probate court. Both parties moved for summary judgment. The trial court denied the Herbsts' motions and granted the motions of Sheppard. Both parties appeal. We affirm.

In his sole issue, Sheppard contends the trial court was without jurisdiction because under section 145 of the probate code, jurisdiction was only proper in the district court and, while this suit was in district court, that court was acting as a probate court.

The constitutional jurisdiction of the district and county courts is set out in article V, sections 8 and 16 of the Texas Constitution, which provides that the district and county courts shall have general probate jurisdiction, unless otherwise provided by the legislature. TEX. CONST. art. V, §§ 8, 16. Pursuant to its power conferred by the constitution, the legislature enacted section 5 of the probate code, which states:

(a) The district court shall have original control and jurisdiction over executors and administrators under such regulations as may be prescribed by law.

(b) In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate and administrations shall be filed and heard in the county court, *except that in contested probate matters, the judge of the county court may on his own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court,* which may then hear contested matter as if originally filed in district court. The county court shall continue to exercise jurisdiction over the management of the estate with the exception of the contested matter until final disposition of the contested matter is made by the assigned judge or the district court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court. Upon resolution of all pending contested matters, the contested portion of the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court....

* * *

(e) All courts exercising original probate jurisdiction shall have the power to hear *all matters incident to an estate.* ...

TEX. PROB.CODE ANN. § 5 (Vernon Supp. 1999) (emphasis added).

Father Herbst's will provided for an independent administration of his estate in accordance with section 145 of the probate code. Section 145 provides:

(b) Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate.

* * *

(h) When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, *further action of any nature shall not be had in the county court* except where this Code specifically and explicitly provides for some action in the county court.

TEX. PROB.CODE ANN. § 145 (Vernon 1980) (emphasis added).

As noted by the Forth Worth Court of Appeals, "[a]ll of the above related code sections, civil statutes, and constitutional articles, when taken together, constitute the *jurisdictional nightmare* with which the parties to this suit have had to contend up to this point." *Weldon v. Hill,* 678 S.W.2d 268, 275 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.) (emphasis added).

In the case at bar, the Herbsts claim they are entitled to a portion of the estate proceeds under a *quantum meruit* and/or breach of contract theory. This claim was rejected by the independent executor. Thereafter, the Herbsts brought suit in the county court of Lavaca County, Texas sitting as a probate court.[2] Pursuant to its authority under section 5(b) of the probate code, the county court, on its own motion, transferred the cause to the district court.

As noted above, section 5(b) permits a county court to transfer a contested probate matter to the district court. TEX. PROB.CODE ANN. § 5(b) (Vernon Supp 1999). It further provides that upon transfer the district court "may then hear such proceeding as if originally filed in district court." *Id.* Consequently, once the county court transferred the matter to the district court, the district court was exercising original probate jurisdiction over the probate proceedings and, under section 5(e), it then had "the power to hear all matters incident to [the] estate." TEX. PROB.CODE ANN. § 5(e) (Vernon Supp.1990). Section 5A(b) defines "incident to an estate" as follows:

In proceedings in the statutory probate courts and *district courts,* the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, *all*

*claims by or against an estate,* all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trust and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.... This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors....

TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp.1999) (emphasis added).

Relying on this Court's decision in *Carroll v. Carroll,* 893 S.W.2d 62, 66 (Tex. App.—Corpus Christi 1994, no writ), Sheppard argues that because the estate was under the control of an independent executor, the district court sitting as a probate court lacked jurisdiction.

In *Carroll,* this Court relied upon the Fifth Circuit's opinion in *Kleine v. United States,* 539 F.2d 427 (5th Cir.1976) where that court stated "Texas courts have uniformly held that as long as an estate remains in the hands of and under the control of the independent executor, the probate court lacks jurisdiction to consider and approve claims against the estate." *Id.* at 432. However, *Kleine* and the Texas cases it relies upon were decided before the legislature added section 5A which defined the categories of cases that are "incident to an estate."[3] Because we find the language of section 5A dispositive, when considered in conjunction with sections 5 and 145, we decline to follow *Carroll* and, instead, hold section 145(h) of the probate

**2.** Suit was brought in the county court because there is no statutory probate court in Lavaca County.

**3.** Section 5A was added to the probate code in 1979, *See* Acts 1979, 66th Leg., R.S., ch. 713, § 3, 1979 Tex. Gen. Laws 1741 (current version at TEX. PROB.CODE ANN. § 5A (Vernon Supp.1999)), and *Kleine* was decided in 1976.

code only prohibits further action in the "county court." *See* TEX. PROB.CODE ANN. § 145(h) (Vernon 1980) (specifying "further action of any nature shall not be had in the *county court"*) (emphasis added); *see also Weldon,* 678 S.W.2d at 274 (holding section 145(h) only prohibits further action in county court); *accord Estate of Kuenstler v. Trevino,* 836 S.W.2d 715, 718 (Tex.App.-San Antonio 1992, no writ).

Because we find the Herbsts' claim is a claim against the estate and is a matter related to the settlement, partition, or distribution of estate assets, we hold it falls within the purview of section 5A. *See* TEX. PROB.CODE ANN. § 5A (Vernon 1980 & Supp.1999). Furthermore, as this cause was transferred to the district court, section 145(h) is not a bar to the contested issues being litigated in that court. *See Weldon,* 678 S.W.2d at 274. Accordingly, we hold the Herbsts' cause of action was properly before the district court sitting as a probate court and Sheppard's sole issue is overruled.

Having addressed Sheppard's jurisdictional challenge, we now consider the Herbsts' issues. In issues one and two, the Herbsts contend the trial court erred in denying their motion for summary judgment and granting Sheppard's motion for summary judgment with regard to their claim for breach of express contract.

In a summary judgment case, the issue on appeal is whether the movant has proved there exists no genuine issue of material fact. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548-49 (Tex.1985). We view the evidence in the light most favorable to the nonmovant and resolve all conflicts in the evidence in their favor. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). The summary judgment will be affirmed only if the record establishes the movant has conclusively proved all essential elements of its cause of action or defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court must consider the summary judgment evidence and determine all questions presented. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997).

■ Sheppard first argues that B.J. and Mary were incompetent to testify as to statements made by Father Herbst because under rule of evidence 601(b) an interested person may not testify as to the statements of a deceased. *See* TEX.R. EVID. 601(b). Assuming, without deciding, that B.J. and Mary were competent to testify, we hold there was no evidence of an express agreement between B.J. and Mary and Father Herbst for Father Herbst to compensate them for their services in caring for him.

The record reflects that Father Herbst apparently told B.J. that he would be "well paid for taking care of him." Mary testified that Father Herbst told her that she would be "taken care of." Additionally, Father Hermes testified that B.J. and Mary were to be compensated out of Father Herbst's estate upon his death for their care. However, neither B.J. nor Mary testified to any express agreement and Father Hermes admitted that he had no knowledge of an express agreement between the parties, but that it was Father Herbst's implicit desire to compensate B.J. and Mary upon his death.

While the evidence demonstrates that Father Herbst expressed an interest in remembering B.J. and Mary in his will, we find there is no evidence of an "express agreement" that he would compensate them for their services in caring for him. Consequently, we overrule the Herbsts' first two issues.

■ In issues three and four, the Herbsts assert the trial court erred in denying their motion for summary judgment and granting Sheppard's motion regarding their claim under *quantum meruit.*

*Quantum meruit* is an equitable theory based upon an implied agreement to pay for benefits received. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990). To recover under the doctrine of *quantum meruit,* a plaintiff must show that: "(1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, and (4) *under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient."* *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex.1992) (emphasis added).

Here, Father Herbst paid the Herbsts over $95,000 for expenses related to his care, which tends to show that when B.J. and/or Mary "expected" Father Herbst to pay for his care, he in fact did. While Father Herbst may have expressed an interest in compensating the Herbsts for their care by remembering them in his will, there was no evidence that Father Herbst was "reasonably notified" that his brother and sister "expected" him to pay them any additional sum of money for their services in caring for him during his last years. Without evidence that Father Herbst was aware that the Herbsts "expected" compensation for their services, they cannot recover in *quantum meruit. See id.* The Herbsts' third and fourth issues are overruled.

The judgment of the trial court is AFFIRMED.