

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00118-CR

BEN DANIEL WILLIAMS                                        APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ben Daniel Williams appeals his convictions for two counts of aggravated sexual assault of a child and one count of indecency with a child. In four points, he argues that the evidence is insufficient to support his conviction for one of his aggravated sexual assault counts, that his convictions violate the constitutional prohibition against double jeopardy, and that the trial court erred by

---

[1]See Tex. R. App. P. 47.4.

admitting testimony from an outcry witness and allowing evidence regarding his prior felony conviction during the guilt phase of the trial. We affirm.

## Background Facts[2]

B.B. (hereinafter Brandy) lived with her mother, Donna Martin, in Arlington.[3] Martin met appellant over the phone while she was working. Appellant, who was a truck driver, eventually moved with Martin and Brandy into a two-bedroom apartment. Martin was frequently away from home at times that only Brandy and appellant were there.

According to Brandy's testimony at trial, when she was eleven years old, during the summer between her fifth and sixth grade school years, appellant "started paying more attention" to her. He bought her several things, including a cell phone. One day, when Brandy and appellant were on a couch, appellant put his hand under Brandy's shirt and rubbed her breasts.[4] On another occasion, while appellant and Brandy were watching television, he untied her shorts, lifted her legs, and put his mouth on her vagina for five to seven minutes. A couple of days after that, appellant took off Brandy's clothes and his pants, and he put his mouth on her breasts and his penis in her vagina. Appellant eventually

---

[2]The facts in this section are based upon the evidence presented by the State's witnesses. We will summarize appellant's testimony below.

[3]To protect B.B.'s identity, we will use an alias.

[4]Before trial, Brandy said that appellant inappropriately touched her the first time while she was in her room. She said that appellant bumped her bed to wake her up, got on top of her, and fondled and kissed her breasts.

ejaculated. Brandy bled from her vagina. Appellant had sexual intercourse with Brandy on ten or eleven other occasions.

Appellant and Martin eventually broke up, and Brandy moved in with Mozelle Moore, her great aunt. Brandy was "very angry inside" when she moved in with Moore. Months later, after Moore had asked Brandy several times whether appellant had inappropriately touched her, Brandy told Moore, who did not like appellant,[5] about some of what had happened, and Moore called the police. Brandy talked with the police, gave an interview to Teressa Norris, a Child Protective Services (CPS) investigator, and went to a medical center, where she learned that she "had a lot of broken tissue."

During the CPS interview, Brandy told Norris that appellant started abusing her by, four or five times, squeezing her breasts with his hands under her clothes and putting her breasts in his mouth. Brandy stated to Norris that appellant then "went to licking her vagina and putting his private inside her vagina" about nine times. Norris called appellant on the telephone, and he denied ever living with Brandy and Martin.

Arlington Police Department Detective Garth Savage investigated the case against appellant and presented it to a district attorney. A grand jury indicted appellant with two counts of aggravated sexual assault of a child, which is a first-

---

[5]Moore said that when Brandy was living with appellant, "something wasn't setting right . . . with the whole situation."

degree felony, and one count of indecency with a child, which, as alleged in the indictment, is a second-degree felony.[6] Appellant pled not guilty to all charges.

Shellie Tidwell, who managed the apartment that Brandy, Martin, and appellant had stayed in, confirmed at trial that appellant had lived there, and appellant also conceded that fact at trial. Tidwell said that Brandy helped file papers and answer phones in the apartment complex's office about three days per week. According to Tidwell, Brandy "wasn't the same" when Brandy was around appellant; her "head hung low the whole time."

After the parties rested and presented closing arguments, the jury found appellant guilty of each charge. The jury then heard evidence concerning appellant's punishment and assessed ten years' confinement for the first aggravated sexual assault conviction, twenty-five years for the second conviction, and five years for the indecency with a child conviction. The trial court sentenced appellant accordingly. He brought this appeal.

### Evidentiary Sufficiency

In his first point, appellant argues that the evidence is insufficient to support his conviction for the first count of aggravated sexual assault. Count one of appellant's indictment alleged that appellant intentionally or knowingly caused Brandy's sexual organ to contact his sexual organ.

---

[6]*See* Tex. Penal Code Ann. §§ 21.11(a)(1), (d), 22.021(a)(1)(B), (2)(B), (e) (Vernon Supp. 2010).

4

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

To obtain appellant's conviction for aggravated sexual assault as alleged in count one of his indictment, the State was required to prove that he intentionally or knowingly caused Brandy's sexual organ to contact his sexual organ. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii);[7] *Johnson v. State*, 882 S.W.2d 39, 42 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Appellant concedes that Brandy testified that appellant penetrated "her sexual organ with his penis," but he contends that the State did not "provide any testimony alleging [he] caused [Brandy's] sexual organ to contact his sexual organ."

The record, however, provides plentiful evidence that appellant caused his sexual organ to contact Brandy's sexual organ on multiple occasions. In addition

---

[7]Appellant does not dispute that Brandy was younger than fourteen years old at the time of the sexual assault. *See id.* § 22.021(a)(2)(B).

5

to the facts described above, Donna Wright, a pediatric nurse practitioner, testified that Brandy told her that appellant's "private went in [her] private." Brandy then clarified to Wright that Brandy meant that appellant's penis went inside her vagina. Upon examining Brandy, Wright found that Brandy had a healed tear of her hymen that was caused by traumatic penetration.

The record contains some evidence that could have weakened Brandy's testimony. Brandy was uncertain about which year appellant moved in with her and Martin and about which year appellant assaulted her. She stated, "[I]t's been so long, I don't remember all the dates." Brandy told Wright before trial that appellant had last assaulted her in May 2008, while Brandy testified at trial that the abuse stopped in August 2007.

Appellant denied ever sexually touching Brandy, who he described as "smart" and "bright." He said that he did not spend much time with Brandy but that he was generally responsible for disciplining her. Appellant denied that he told Norris that he had not lived with Brandy and Martin. He said that he was shocked to hear that charges had been filed against him for sexually assaulting Brandy. He believed that Brandy and Norris lied to the jury. He also denied that Brandy acted differently around Tidwell when he was present, as Tidwell had said.

However, the trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct.

6

2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

Brandy testified to each element of count one, and her testimony alone constitutes sufficient evidence to support appellant's conviction. *See, e.g.*, *Halbrook v. State*, 322 S.W.3d 716, 720 (Tex. App.—Texarkana 2010, no pet.); *Johnston v. State*, 230 S.W.3d 450, 455 (Tex. App.—Fort Worth 2007, no pet.). Furthermore, the jury's guilty verdict implies that despite the fact that there were some inconsistencies between Brandy's testimony and statements she made before trial about the details of appellant's crimes, the jury believed her testimony. *See Lugo v. State*, 299 S.W.3d 445, 453 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that a jury was free to believe a witness's trial testimony over her prior statement made to the police); *Hernandez v. State*, 903 S.W.2d 109, 113 (Tex. App.—Fort Worth 1995, pet. ref'd) ("The jury, being the judges of

7

the facts and the credibility of the witnesses, could choose to believe or not believe the witnesses or any portion of their testimony.").

For all of these reasons, viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to sustain appellant's conviction for aggravated sexual assault under count one of his indictment. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We overrule his first point.

## Double Jeopardy

In appellant's second point, he contends that his conviction in count one of the indictment, which concerns his sexual organ's contact with Brandy's sexual organ, violates the constitutional prohibition against double jeopardy because he was also convicted of count two, which regards his sexual organ's penetration of her sexual organ. The indictment alleged that both of these counts occurred on or about August 31, 2007. The jury charge stated that the State was "not required to prove the exact date alleged in the indictment" but could show that the offenses were committed before the expiration of the statute of limitations and prior to the presentment of the indictment.

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. Const. amend. V.[8] Generally, this clause protects against

---

[8]Appellant also cites the Texas constitution's double jeopardy provision. *See* Tex. Const. art. I, § 14. Appellant does not argue that we should analyze his

(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

Appellant bases his multiple punishment double jeopardy argument on an assumption that counts one and two of his indictment relate to the same sexual event. He cites *Patterson v. State* for the proposition that a conviction for aggravated sexual assault bars a conviction for conduct that is demonstrably part of that same offense. 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (explaining that "penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed"); *see Gonzalez Soto v. State*, 267 S.W.3d 327, 343 (Tex. App.—Corpus Christi 2008, no pet.). But the State's evidence established that appellant penetrated Brandy's sexual organ on multiple occasions.

In a similar case in which a defendant was indicted for aggravated sexual assault and indecency with a child, we explained,

> Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. An appellant is excused from the preservation requirement, however, when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests.

---

state double jeopardy claim by using different standards than those that apply to his federal claim.

The record reflects that Cabral was indicted for two separate offenses both alleged to have occurred "on or about" June 1, 2000. *The record further reflects that the complainant testified regarding two separate and distinct incidents of abuse* . . . .

It is well settled that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is prior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitations. Here, the complainant's testimony described acts supporting each charge occurring prior to the presentation of the indictment and within the applicable statute of limitations period. Thus, we find no double jeopardy violation apparent on the face of the record. Cabral has therefore failed to meet the first prong of the exception to the preservation requirement . . . . Accordingly, we hold that Cabral failed to preserve his double jeopardy claim for our review.

*Cabral v. State*, 170 S.W.3d 761, 764–65 (Tex. App.—Fort Worth 2005, pet. ref'd) (mem. op.) (emphasis added) (citations and footnotes omitted).

Appellant did not object to the jury charge or otherwise raise a complaint about double jeopardy in the trial court. Thus, as in *Cabral*, we hold that Brandy's testimony of multiple sexual incidents that independently support each count of appellant's indictment precludes appellant's double jeopardy claim because a double jeopardy violation is not clearly apparent from the face of the record. *See id.*; *see also Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) ("The fact that the jury's verdict *could* have relied on a theory that would violate the Double Jeopardy Clause . . . is not sufficient to show a constitutional violation 'clearly apparent on the face of the record.'"); *Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992) ("[T]hose who commit multiple discrete assaults against the same victim, are liable for separate prosecution and

10

punishment for every instance of such criminal misconduct."); G*onzalez Soto*, 267 S.W.3d at 343 n.70 (citing cases in which courts held that there was no double jeopardy violation when a defendant was convicted of multiple offenses but the evidence showed as many sexual incidents); *Martinez v. State*, 212 S.W.3d 411, 422 (Tex. App.—Austin 2006, pet. ref'd) ("Martinez has not demonstrated that his conviction of indecency with a child by contact was based on the same conduct underlying his conviction for aggravated sexual assault of a child. Therefore, he has failed to show a double jeopardy violation.") (citation omitted).

We overrule appellant's second point.

## Admission of Evidence

In his third point, appellant argues that the trial court erred by allowing Moore to testify as an outcry witness. Before the trial began, the State provided appellant with notice of its intent to use Brandy's outcry statement to Moore. When Moore testified, she said that while she and Brandy were sitting in a living room watching television, Brandy cried while stating that appellant had inappropriately touched her. Appellant did not object to Moore's testimony in that regard.

On appeal, appellant contends that Moore's testimony was improperly admitted without a "reliability hearing" outside the presence of the jury. Appellant cites article 38.072 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2010). Article 38.072 provides that in some

11

circumstances, an out-of-court statement that is made by a sexual assault victim who is under fourteen years old and that describes the alleged offense is not inadmissible based on the hearsay rule if, among other conditions, the "trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement." *Id.* art. 38.072, §§ 1(1), 2(a)(1), (b)(2).

We agree with the State, however, that appellant forfeited this complaint. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Various Texas courts, including our own, have held that a complaint regarding the lack of a reliability hearing under article 38.072 is forfeited if it is not raised at trial and if there is no objection to the outcry testimony. *See Laredo v. State*, 194 S.W.3d 637, 640–41 (Tex. App.—Houston [14th Dist.] 2006, pet.

12

ref'd); *Cates v. State*, 72 S.W.3d 681, 698 (Tex. App.—Tyler 2001, no pet.); *State v. Kaiser*, 822 S.W.2d 697, 702 (Tex. App.—Fort Worth 1991, pet. ref'd). Accordingly, we hold that appellant forfeited his article 38.072 complaint by not raising the issue or objecting to Moore's testimony. *See* Tex. R. App. P. 33.1(a). We overrule his third point.

In appellant's fourth point, he contends that the trial court erred by allowing testimony regarding his 1987 felony conviction for car theft. During appellant's testimony, his counsel asked him whether he had been previously convicted of car theft, and appellant admitted that he had.[9] When the State asked him about the theft, appellant admitted that he had been sentenced to four years' confinement for committing it. Appellant did not object to the State's questions about the theft.

On appeal, appellant argues that his conviction was too remote to be admitted. He relies on rule of evidence 609(b), which states,

> Evidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Tex. R. Evid. 609(b). However, like appellant's article 38.072 complaint, his rule 609(b) point required an objection at trial to be preserved for our review.

---

[9]Appellant concedes in his brief that his counsel "elicited testimony" about the car theft.

13

*See* Tex. R. App. P. 33.1(a); *Layton*, 280 S.W.3d at 238–39; *Heidelberg v. State*, 112 S.W.3d 658, 664 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 144 S.W.3d 535 (Tex. Crim. App. 2004); *see also Mendez*, 138 S.W.3d at 342 ("Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only . . . , *all other complaints*, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).") (emphasis added).

Because appellant elicited evidence about his theft conviction and did not object when the State asked him about the conviction, we hold that he forfeited his ability to complain about the evidence on appeal. We overrule his fourth point.

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgments.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 28, 2011