Opinion issued February 1, 2007






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01013-CR






CHARLES MATTHEW MILTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court 

Harris County, Texas

Trial Court Cause No. 986295 






MEMORANDUM OPINION


 A jury found appellant, Charles Matthew Milton, guilty of committing
aggravated sexual assault (1) against his 13-year-old daughter, J.W., and assessed
punishment at 20 years in prison. In four issues, appellant challenges the legal and
factual sufficiency of the evidence. 

 We affirm.

Background

 J.W.'s parents, Jacqueline W. and appellant, were never married to one another.
J.W. lived with her mother, but would spend some weekends with appellant. When
she stayed with appellant, J.W. would sleep in the same bed with her step-sister. One
Sunday night in December 2003, while staying with appellant, J.W. went to bed
around 10:00 p.m. She was awoken in the middle of the night to find appellant
touching her "private part" with his tongue. J.W. "jerked a little," and appellant ran
from the room. J.W. then got up and went to the bathroom. J.W.'s step-sister never
woke up during or after the assault. 

 J.W. initially did not tell anyone about the incident, but eventually confided in
her friend Shawana. Then, in February 2004 while attending a Bible study class with
Shawana, J.W. began to cry during a lesson about honoring one's mother and father. 
After J.W. left the room crying, Shawana told the bible study teacher about the sexual
assault. The teacher convinced J.W. to tell her mother. J.W.'s mother took her to
Texas Children's Hospital where she was examined and spoke with a police officer. 
Legal and Factual Sufficiency


 In four points of error, appellant contends that the evidence was legally and
factually insufficient to convict him of aggravated sexual assault.

A. Standards of Review

 In a legal-sufficiency review, we view the evidence in the light most favorable
to the verdict to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). The standard is the same for both direct and
circumstantial evidence. Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim.
App. 1984). In determining the legal sufficiency of the evidence to show appellant's
intent, and when faced with a record that supports conflicting inferences, we "must
presume--even if it does not affirmatively appear in the record--that the trier of fact
resolved any such conflict in favor of the prosecution, and must defer to that
resolution." Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. See Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We
will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 416-17 (Tex. Crim. App. 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury's resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id.

 In conducting a factual-sufficiency review, we must also discuss the evidence
that, according to the appellant, most undermines the jury's verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). We may not re-weigh the evidence and
substitute our judgment for that of the fact-finder. King, 29 S.W.3d at 562. The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. at 410 n.5.

B. Contact with Appellant's Mouth

 Pursuant to Penal Code section 22.021, a person commits aggravated sexual
assault if he intentionally or knowingly causes the sexual organ of a child younger
than 14 years of age to contact his mouth. See Tex. Pen. Code Ann.
§ 22.021(a)(1)(B)(ii), 2(B) (Vernon 2003). In his first and second points of error,
appellant challenges the legal and factual sufficiency of the evidence to show that he
contacted J.W.'s sexual organ with his mouth, as alleged in the indictment. At trial,
J.W. testified that appellant touched her "private part," which she clarified was her
sexual organ, with his tongue. Appellant contends that, "in the common usage of the
word 'mouth,' the tongue is not included . . . ." We disagree. 

 In Johnson v. State, we concluded that for purposes of Penal Code section
22.021 the tongue is part of the mouth. Johnson v. State, 882 S.W.2d 39, 41 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd) ("Common sense and common usage
leads [sic] us to conclude that the legislature intended the word 'mouth' to include its
parts, such as teeth and tongue."). We reaffirm that conclusion and reject appellant's
contention. We hold that the evidence was not legally or factually insufficient to
support appellant's conviction for aggravated sexual assault, as contended by
appellant.

 We overrule appellant's first two points of error.

C. J.W.'s Credibility

 In his third and fourth points of error, appellant contends that J.W.'s testimony
was not credible. Appellant asserts that, "at some point the credibility [of] the
complainant is so undermined that a reviewing court cannot have confidence in a
verdict supported solely by the complainant's testimony." Appellant first contends
that J.W.'s credibility was "so undermined" because no physical evidence
corroborated J.W.'s claim that appellant had assaulted her, including her "medical
report." Contrary to appellant's contention, the lack of physical or forensic evidence
is but a factor for the jury to consider in weighing the evidence. See Johnson v. State,
176 S.W.3d 74, 78 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (holding that
differences in witness testimony and lack of physical evidence are factors for jury to
consider in weighing evidence). As mentioned, J.W. testified that appellant contacted
her sexual organ with his tongue (i.e., mouth). In other words, J.W. testified that
appellant committed the offense of aggravated sexual assault. See Tex. Pen. Code
Ann. § 22.021(a)(1)(B)(ii), 2(B). It is well-established that a child victim's testimony
alone is sufficient evidence to support a conviction for aggravated sexual assault. 
Tex. Code Crim. Proc. Ann. art. 38.07(Vernon 2005); Perez v. State, 113 S.W.3d
819, 838 (Tex. App.--Austin 2003, pet. ref'd); Empty v. State, 972 S.W.2d 194, 196
(Tex. App.--Dallas 1998, pet. ref'd).

 Appellant claims that J.W.'s testimony was not credible because "it would have
been impossible for appellant to have committed the offense, for J.W. to have "jerked
a little bit," and "for J.W. to have gone to the bathroom, all without her sister noticing
it." Despite appellant's contentions, such evidence does not definitively undermine
J.W.'s testimony. 

 It was the jury's role as fact finder to resolve any discrepancies or
inconsistencies in the evidence, to determine the credibility and weight to be given
the evidence, and to draw reasonable inferences from the evidence. See Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979). Concomitantly, the jury was free to
believe or disbelieve all or part of any witness's testimony, including that of J.W. See
Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). Here, the jury chose to
believe J.W. 

 We recognize that one difference between the legal and factual sufficiency
standards is that the former requires the reviewing court to defer to the jury's
credibility and weight determinations while the latter permits the reviewing court to
substitute its judgment for the jury's on these questions "albeit to a very limited
degree." See Watson, 204 S.W.3d at 416-17. The Court of Criminal Appeals has
recently reiterated that our factual-sufficiency jurisprudence still requires us to afford
'due deference' to the jury's determination." Marshall v. State, No. AP-75048, 2006
WL 3733198, at *5 (Tex. Crim. App. Dec. 20, 2006) (citing Johnson, 23 S.W.3d at
9). Based on the record before us and the contentions asserted by appellant
challenging the sufficiency of the evidence, the jury in this case was in the best
position to evaluate J.W.'s credibility, and we give proper deference to that
determination.

 After applying the appropriate standards of review, we hold that the evidence
was legally and factually sufficient to support appellant's conviction for aggravated
sexual assault.

 We overrule appellant's third and fourth issues.

 Conclusion


 We affirm the judgment of the trial court.






 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 22.021 (Vernon 2003).