

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00205-CR

_____


HAROLD DONNIE HALBROOK, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 24883



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Six-year-old M.L. was made to suffer sexual abuse at the hand of her stepfather, Harold Donnie Halbrook. Indictments returned against Halbrook alleged that on or about July 7 and 18, 2007, he "cause[d] his sexual organ to contact and/or penetrate the mouth of [M.L.]." Trial to a jury led to convictions upon two counts of aggravated sexual assault of a child and a punishment assessment of life imprisonment. Halbrook appeals his convictions on the grounds that the evidence is legally and factually insufficient to support them and that the trial court erred in admitting police officer's testimony and video. We will affirm the trial court's judgments.[1]

## I.       Sufficient Evidence Supports Halbrook's Convictions

### A.       Standard of Review

We review the legal and factual sufficiency of the evidence supporting Halbrook's convictions under well-established standards. In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We must give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim.

---

[1]Halbrook was also convicted of two counts of aggravated sexual assault and four counts of indecency with his then eight-year-old daughter, M.B. Although Halbrook filed a single brief addressing points of error presented in this case and companion cause number 06-09-00204-CR, which were tried together, we address each case separately since certain points of error apply only to one case or the other.

2

App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the jury resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 414–15 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Under a hypothetically correct jury charge, Halbrook committed the offense of aggravated sexual assault of a child if he intentionally or knowingly caused the penetration of the mouth of M.L. by his sexual organ, and M.L. was younger than fourteen years of age at the time. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (2)(B) (Vernon Supp. 2009). A person acts intentionally with respect to the nature of his or her conduct or to a result of his or her conduct when it is their conscious objective or desire to engage in the conduct or cause the result; a person

3

acts knowingly with respect to a nature of his or her conduct or the circumstances surrounding their conduct when he or she is aware of the nature of their conduct or that the circumstances exist. A person acts knowingly with respect to a result of his or her conduct when they are aware that the conduct is reasonably certain to cause the result. TEX. PENAL CODE ANN. § 6.03(a), (b) (Vernon 2003).

B.    Time of Offense

Halbrook first complains that the evidence is insufficient to establish that the offenses occurred within the time frame alleged by the State. The State is not required to allege a specific date in an indictment. *Mitchell v. State*, 168 Tex. Crim. 606, 330 S.W.2d 459, 462 (1959). "It is well settled the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (citing TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 2009); *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990)) ("[T]he State is not bound by the date alleged in the indictment . . . so long as the date proved is a date anterior to the presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation."); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988) ("[W]here an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations."). The indictments alleged

4

a date after which M.L. spoke with the police. Aggravated sexual assault of a child under Section 22.021(a)(1)(B) of the Texas Penal Code is an offense for which there is no limitation by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B) (Vernon Supp. 2009). Thus, the State proved that the offense occurred more than once prior to the date alleged in the indictment.

### C.    The Evidence

Deputy Nathan Ehrhart was led to Halbrook's home after receiving a tip from a concerned parent. M.L. was taken to the Crisis Center of Northeast Texas, where she was interviewed by executive director Kacy Flanagan. The video recording of M.L.'s interview was played for the jury, in which she told Flanagan that Halbrook "made me suck on his winkie" "lots of times."

"The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault." *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)). M.L. testified in front of the jury that her stepfather, "Donny" touched the inside of her mouth with the "front part" used for "[g]oing to the restroom" a "lot of times."[2] M.L. illustrated this act for the jury through stick figure drawings.

Looking at this evidence in the light most favorable to the verdict, we determine that a rational jury could have found the following beyond a reasonable doubt: that Halbrook, a.k.a

---

[2]Halbrook argues that M.L. failed to identify him during trial. It is clear that M.L. looked at a picture of Halbrook and identified him as "Donny."

5

"Donny," intentionally or knowingly caused the penetration of the mouth of M.L. by his sexual organ, more than one time, and that M.L. was younger than fourteen years of age at the time. TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (2)(B) (Vernon Supp. 2009); *Watson*, 204 S.W.3d at 414–15. Even examined under a neutral light, we find that the verdict was not clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson*, 23 S.W.3d at 11). Thus, the evidence was both legally and factually sufficient.

## II.  Admission of Ehrhart's Testimony as Outcry Statements Was Not Error

Ehrhart stated that M.L. "simply told me that her father was making her put his penis in her mouth." A video of Ehrhart's initial visit and interview with the children was played for the jury, in which M.L. implicated Halbrook. Halbrook's counsel objected to Ehrhart's testimony and police car video of the interview, alleging that they were hearsay and that "M.L. testified the first adult she told was her uncle."

If a "statement about the offense" alleged is made by a victim under fourteen years of age, "the first person, 18 years of age or older," to whom the statement was made may testify about the victim's statements at trial. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (Vernon Supp. 2009). Testimony of such an outcry witness is an exception to the hearsay rule. *Padilla v. State*, 278 S.W.3d 98, 107 (Tex. App.—Texarkana 2009, pet. ref'd).

In this case, direct examination of M.L. produced the following:

Q.     Did you ever talk to anyone like your mom or a police officer or the judge?

6

A.      I told the police officer . . . .

Q.      Had you ever told your mama before you told the policeman?

A.      Yeah.

Q.      You told her.

A.      She was there.

Q.      She was there and heard you tell the policeman.   But before that night had you ever told your mama what Donny was doing to you?

A.      No.

Q.      Before you told the policeman, did you tell any other adults?

A.      My uncle.

Q.      You told your uncle.   Was he there with the policeman too?

A.      I'm not really sure.   I forgot.

The following exchange occurred during cross-examination:

A.      . . . That was my uncle that I told.

Q.      Oh, your Uncle John.

A.      No.   He's out in the hall.

Q.      Okay.   And you told him something before, right?   Before you told the officer?

(Shakes head in the affirmative).

.

7

The evidence establishes that some statement by M.L. was made to the uncle before the statements made to Ehrhart. However, the Texas Court of Criminal Appeals has interpreted Article 38.072 of the Texas Code of Criminal Procedure to require that the previous statement be one which "in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). It must be "more than words which give a general allusion that something in the area of child abuse was going on . . . . The statute demands more than a general allusion of sexual abuse." *Id.*; *see also Thomas v. State*, 1 S.W.3d 138, 140–41 (Tex. App.—Texarkana 1999, pet. ref'd).

"Trial courts are afforded broad discretion in determining the admissibility of outcry statements, and the decision to admit such evidence will not be disturbed absent a clear abuse of that discretion." *Harvey v. State*, 123 S.W.3d 623, 627 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Garcia*, 792 S.W.2d at 92). We will not substitute our judgment for that of the trial court unless it acted in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

From M.L.'s testimony, while it appears that Ehrhart was not the first person over eighteen whom she told about "what Donny was doing" to her, there is nothing in the record suggesting M.L.'s statements to her uncle described the alleged offense in some discernible manner. In contrast, the record establishes M.L.'s discernible statement to Ehrhart. In *Garcia,* the child complainant made general statements of abuse to her teacher. 792 S.W.2d at 91. From the

8

record, the court was unable to determine "what it was the complainant told her teacher." *Id.* *Garcia* found that where the State laid "a proper predicate that [a child protective specialist] was the outcry witness," and "the defense had ample opportunity to recall [the teacher] in an attempt to rebut this predicate, but failed to do so," and did not "elicit testimony from the complainant regarding the specifics of the statements she made to [the teacher]," the trial court was within its discretion to consider the child protective specialist as the proper outcry witness. *Id.* at 91–92. Similarly, in this case, the defense had the ability to call the uncle who "was out in the hall," or recall M.L. in order to clarify the statements she made to him. Because the defense failed to do so, we find the trial court was within its discretion in finding Ehrhart to be the proper outcry witness. *See In re Z.L.B.*, 102 S.W.3d 120, 122–23 (Tex. 2003) ("defendant in this case had the burden to introduce evidence that J.M.'s statement to his mother was more than just a general allusion to abuse"). We overrule this point of error.

Halbrook also argues that the trial court erred by failing to conduct a hearing outside the presence of the jury to determine if the statement given to Ehrhart was reliable. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2). The State has the burden to comply with the terms of the statute, and the trial court is required to determine the statement is reliable after a hearing conducted outside the presence of the jury. *Id.* The provisions of the statute are mandatory and must be satisfied. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). An issue that has split some of the courts of appeals is whether a more specific objection than "hearsay" is

9

required to preserve argument that a section of the statute has been violated (lack of notice, failure to conduct hearing, etc.). *Zarco v. State*, 210 S.W.3d 816, 828 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (compilation of Texas opinions on this issue). We believe the Texas Court of Criminal Appeals has definitively resolved this issue in *Long* when it held that Long preserved error by his hearsay objection and therefore was allowed to argue that the trial court failed to conduct a hearing to determine if the statement was reliable as required by the statute. *Long*, 800 S.W.2d at 548. We agree with the holding in *Zarco*, "we will follow the Court of Criminal Appeals' binding precedent . . . . " This argument is preserved for our consideration.

Here, during Ehrhart's testimony, the trial court conducted a hearing outside the presence of the jury to determine the admissibility of a video recording of a ten-minute portion of the child's statement.[3] This procedure necessarily involved a review of the child's statement and was more extensive than Ehrhart's abbreviated report of the child's statement. The State argued the video recording would show "the actual scene when the officer responds and it shows the layout of the area, how they talked to everybody, what was said." A bench conference has been found to fulfill the requirements of the statute. *Zarco*, 210 S.W.2d at 831. We find that this review by the trial court satisfied the hearing requirement; by overruling the objection, the trial court impliedly found the statement given to the officer and recorded on the videotape was reliable. *Id.*

III.    Conclusion

---

[3]The hearsay objection was only that the officer's testimony and the video recording were not admissible because "the first person outcry was made to the uncle."

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     July 8, 2010
Date Decided:      July 28, 2010

Publish