02-10-118-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00118-CR

 

 


 
 
 Ben Daniel Williams
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Ben Daniel Williams appeals his convictions for two counts of aggravated sexual
assault of a child and one count of indecency with a child.  In four
points, he argues that the evidence is insufficient to support his conviction
for one of his aggravated sexual assault counts, that his convictions violate
the constitutional prohibition against double jeopardy, and that the trial
court erred by admitting testimony from an outcry witness and allowing evidence
regarding his prior felony conviction during the guilt phase of the trial.  We
affirm.

Background
Facts[2]

          B.B.
(hereinafter Brandy) lived with her mother, Donna Martin, in Arlington.[3] 
Martin met appellant over the phone while she was working.  Appellant, who was
a truck driver, eventually moved with Martin and Brandy into a two-bedroom
apartment.  Martin was frequently away from home at times that only Brandy and
appellant were there.

          According
to Brandy’s testimony at trial, when she was eleven years old, during the
summer between her fifth and sixth grade school years, appellant “started
paying more attention” to her.  He bought her several things, including a cell
phone.  One day, when Brandy and appellant were on a couch, appellant put his
hand under Brandy’s shirt and rubbed her breasts.[4] 
On another occasion, while appellant and Brandy were watching television, he
untied her shorts, lifted her legs, and put his mouth on her vagina for five to
seven minutes.  A couple of days after that, appellant took off Brandy’s
clothes and his pants, and he put his mouth on her breasts and his penis in her
vagina.  Appellant eventually ejaculated.  Brandy bled from her vagina.  Appellant
had sexual intercourse with Brandy on ten or eleven other occasions.

          Appellant
and Martin eventually broke up, and Brandy moved in with Mozelle Moore, her
great aunt.  Brandy was “very angry inside” when she moved in with Moore.  Months
later, after Moore had asked Brandy several times whether appellant had
inappropriately touched her, Brandy told Moore, who did not like appellant,[5]
about some of what had happened, and Moore called the police.  Brandy talked
with the police, gave an interview to Teressa Norris, a Child Protective
Services (CPS) investigator, and went to a medical center, where she learned
that she “had a lot of broken tissue.”

          During
the CPS interview, Brandy told Norris that appellant started abusing her by,
four or five times, squeezing her breasts with his hands under her clothes and
putting her breasts in his mouth.  Brandy stated to Norris that appellant then “went
to licking her vagina and putting his private inside her vagina” about nine
times.  Norris called appellant on the telephone, and he denied ever living
with Brandy and Martin.

          Arlington
Police Department Detective Garth Savage investigated the case against
appellant and presented it to a district attorney.  A grand jury indicted
appellant with two counts of aggravated sexual assault of a child, which is a
first-degree felony, and one count of indecency with a child, which, as alleged
in the indictment, is a second-degree felony.[6]  Appellant pled not
guilty to all charges.

          Shellie
Tidwell, who managed the apartment that Brandy, Martin, and appellant had
stayed in, confirmed at trial that appellant had lived there, and appellant
also conceded that fact at trial.  Tidwell said that Brandy helped file papers
and answer phones in the apartment complex’s office about three days per week. 
According to Tidwell, Brandy “wasn’t the same” when Brandy was around
appellant; her “head hung low the whole time.”

          After
the parties rested and presented closing arguments, the jury found appellant
guilty of each charge.  The jury then heard evidence concerning appellant’s
punishment and assessed ten years’ confinement for the first aggravated sexual
assault conviction, twenty-five years for the second conviction, and five years
for the indecency with a child conviction.  The trial court sentenced appellant
accordingly.  He brought this appeal.

Evidentiary
Sufficiency

          In
his first point, appellant argues that the evidence is insufficient to support
his conviction for the first count of aggravated sexual assault.  Count one of
appellant’s indictment alleged that appellant intentionally or knowingly caused
Brandy’s sexual organ to contact his sexual organ.

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  This standard gives
full play to the responsibility of the trier of fact to resolve conflicts in
the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton, 235 S.W.3d at 778.

          To
obtain appellant’s conviction for aggravated sexual assault as alleged in count
one of his indictment, the State was required to prove that he intentionally or
knowingly caused Brandy’s sexual organ to contact his sexual organ.  See Tex.
Penal Code Ann. § 22.021(a)(1)(B)(iii);[7] Johnson v. State,
882 S.W.2d 39, 42 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).

           Appellant
concedes that Brandy testified that appellant penetrated “her sexual organ with
his penis,” but he contends that the State did not “provide any testimony
alleging [he] caused [Brandy’s] sexual organ to contact his sexual organ.”

          The
record, however, provides plentiful evidence that appellant caused his sexual
organ to contact Brandy’s sexual organ on multiple occasions.  In addition to
the facts described above, Donna Wright, a pediatric nurse practitioner, testified
that Brandy told her that appellant’s “private went in [her] private.”  Brandy
then clarified to Wright that Brandy meant that appellant’s penis went inside
her vagina.  Upon examining Brandy, Wright found that Brandy had a healed tear
of her hymen that was caused by traumatic penetration.

          The
record contains some evidence that could have weakened Brandy’s testimony.  Brandy
was uncertain about which year appellant moved in with her and Martin and about
which year appellant assaulted her.  She stated, “[I]t’s been so long, I don’t
remember all the dates.”  Brandy told Wright before trial that appellant had
last assaulted her in May 2008, while Brandy testified at trial that the abuse
stopped in August 2007.

          Appellant
denied ever sexually touching Brandy, who he described as “smart” and “bright.” 
He said that he did not spend much time with Brandy but that he was generally
responsible for disciplining her.  Appellant denied that he told Norris that he
had not lived with Brandy and Martin.  He said that he was shocked to hear that
charges had been filed against him for sexually assaulting Brandy.  He believed
that Brandy and Norris lied to the jury.  He also denied that Brandy acted
differently around Tidwell when he was present, as Tidwell had said.

          However,
the trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown
v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied,
129 S. Ct. 2075 (2009).  Thus, when performing an evidentiary sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any
conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.

          Brandy
testified to each element of count one, and her testimony alone constitutes
sufficient evidence to support appellant’s conviction.  See, e.g., Halbrook
v. State, 322 S.W.3d 716, 720 (Tex. App.—Texarkana 2010, no pet.); Johnston
v. State, 230 S.W.3d 450, 455 (Tex. App.—Fort Worth 2007, no pet.).  Furthermore,
the jury’s guilty verdict implies that despite the fact that there were some
inconsistencies between Brandy’s testimony and statements she made before trial
about the details of appellant’s crimes, the jury believed her testimony.  See
Lugo v. State, 299 S.W.3d 445, 453 (Tex. App.—Fort Worth 2009, pet.
ref’d) (holding that a jury was free to believe a witness’s trial testimony
over her prior statement made to the police); Hernandez v. State, 903
S.W.2d 109, 113 (Tex. App.—Fort Worth 1995, pet. ref’d) (“The jury, being the
judges of the facts and the credibility of the witnesses, could choose to
believe or not believe the witnesses or any portion of their testimony.”).

          For
all of these reasons, viewing the evidence in the light most favorable to the
verdict, we hold that the evidence is sufficient to sustain appellant’s
conviction for aggravated sexual assault under count one of his indictment.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778. We overrule
his first point.

Double
Jeopardy

          In
appellant’s second point, he contends that his conviction in count one of the
indictment, which concerns his sexual organ’s contact with Brandy’s sexual
organ, violates the constitutional prohibition against double jeopardy because
he was also convicted of count two, which regards his sexual organ’s penetration
of her sexual organ.  The indictment alleged that both of these counts occurred
on or about August 31, 2007.  The jury charge stated that the State was “not
required to prove the exact date alleged in the indictment” but could show that
the offenses were committed before the expiration of the statute of limitations
and prior to the presentment of the indictment.

          The
Double Jeopardy Clause of the United States Constitution provides that no
person shall be subjected to twice having life or limb in jeopardy for the same
offense.  U.S. Const. amend. V.[8]  Generally, this clause
protects against (1) a second prosecution for the same offense after acquittal,
(2) a second prosecution for the same offense after conviction, and (3)
multiple punishments for the same offense.  Brown v. Ohio, 432 U.S. 161,
165, 97 S. Ct. 2221, 2225 (1977); Ex parte Cavazos, 203 S.W.3d 333, 336
(Tex. Crim. App. 2006).

          Appellant
bases his multiple punishment double jeopardy argument on an assumption that counts
one and two of his indictment relate to the same sexual event.  He cites Patterson
v. State for the proposition that a conviction for aggravated sexual
assault bars a conviction for conduct that is demonstrably part of that same
offense.  152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (explaining that “penile contact
with mouth, genitals, or anus in the course of penile penetration will be
subsumed”); see Gonzalez Soto v. State, 267 S.W.3d 327, 343 (Tex. App.—Corpus
Christi 2008, no pet.).  But the State’s evidence established that appellant
penetrated Brandy’s sexual organ on multiple occasions.

          In
a similar case in which a defendant was indicted for aggravated sexual assault
and indecency with a child, we explained,

          Generally, to preserve a double jeopardy claim,
a defendant must object at or before the time the charge is submitted to the
jury.  An appellant is excused from the preservation requirement, however, when
(1) the undisputed facts show the double jeopardy violation is clearly apparent
on the face of the record and (2) enforcement of usual rules of procedural
default serves no legitimate state interests.

          The record reflects that Cabral was indicted
for two separate offenses both alleged to have occurred “on or about” June 1,
2000.  The record further reflects that the complainant testified regarding
two separate and distinct incidents of abuse . . . .

          It is well settled that the “on or about”
language of an indictment allows the State to prove a date other than the one
alleged in the indictment as long as the date is prior to the presentation of
the indictment and not so remote that prosecution is barred by the statute of
limitations.  Here, the complainant’s testimony described acts supporting each
charge occurring prior to the presentation of the indictment and within the
applicable statute of limitations period.  Thus, we find no double jeopardy
violation apparent on the face of the record.  Cabral has therefore failed to
meet the first prong of the exception to the preservation requirement . . . .  Accordingly,
we hold that Cabral failed to preserve his double jeopardy claim for our
review. 

Cabral
v. State, 170 S.W.3d 761, 764–65 (Tex. App.—Fort Worth 2005, pet.
ref’d) (mem. op.) (emphasis added) (citations and footnotes omitted).

          Appellant
did not object to the jury charge or otherwise raise a complaint about double
jeopardy in the trial court.  Thus, as in Cabral, we hold that Brandy’s
testimony of multiple sexual incidents that independently support each count of
appellant’s indictment precludes appellant’s double jeopardy claim because a
double jeopardy violation is not clearly apparent from the face of the record. 
See id.; see also Langs v. State, 183 S.W.3d 680, 687 (Tex. Crim.
App. 2006) (“The fact that the jury’s verdict could have relied on a
theory that would violate the Double Jeopardy Clause . . . is not sufficient to
show a constitutional violation ‘clearly apparent on the face of the record.’”);
Vernon v. State, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992) (“[T]hose
who commit multiple discrete assaults against the same victim, are liable for
separate prosecution and punishment for every instance of such criminal
misconduct.”); Gonzalez Soto, 267 S.W.3d at 343 n.70 (citing cases in
which courts held that there was no double jeopardy violation when a defendant
was convicted of multiple offenses but the evidence showed as many sexual
incidents); Martinez v. State, 212 S.W.3d 411, 422 (Tex. App.—Austin
2006, pet. ref’d) (“Martinez has not demonstrated that his conviction of
indecency with a child by contact was based on the same conduct underlying his
conviction for aggravated sexual assault of a child.  Therefore, he has failed
to show a double jeopardy violation.”) (citation omitted).

          We
overrule appellant’s second point.

Admission
of Evidence

          In
his third point, appellant argues that the trial court erred by allowing Moore
to testify as an outcry witness.  Before the trial began, the State provided
appellant with notice of its intent to use Brandy’s outcry statement to Moore.  When
Moore testified, she said that while she and Brandy were sitting in a living
room watching television, Brandy cried while stating that appellant had inappropriately
touched her.  Appellant did not object to Moore’s testimony in that regard.

          On
appeal, appellant contends that Moore’s testimony was improperly admitted without
a “reliability hearing” outside the presence of the jury.  Appellant cites
article 38.072 of the code of criminal procedure.  See Tex. Code Crim.
Proc. Ann. art. 38.072 (Vernon Supp. 2010).  Article 38.072 provides that in
some circumstances, an out-of-court statement that is made by a sexual assault
victim who is under fourteen years old and that describes the alleged offense is
not inadmissible based on the hearsay rule if, among other conditions, the “trial
court finds, in a hearing conducted outside the presence of the jury, that the
statement is reliable based on the time, content, and circumstances of the
statement.”  Id. art. 38.072, §§ 1(1), 2(a)(1), (b)(2).

          We
agree with the State, however, that appellant forfeited this complaint.  To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not
address the merits of an issue that has not been preserved for appeal.  Ford
v. State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

          Various
Texas courts, including our own, have held that a complaint regarding the lack
of a reliability hearing under article 38.072 is forfeited if it is not raised
at trial and if there is no objection to the outcry testimony.  See Laredo
v. State, 194 S.W.3d 637, 640–41 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d); Cates v. State, 72 S.W.3d 681, 698 (Tex. App.—Tyler 2001, no
pet.); State v. Kaiser, 822 S.W.2d 697, 702 (Tex. App.—Fort Worth 1991,
pet. ref’d).  Accordingly, we hold that appellant forfeited his article 38.072
complaint by not raising the issue or objecting to Moore’s testimony.  See
Tex. R. App. P. 33.1(a).  We overrule his third point.

          In
appellant’s fourth point, he contends that the trial court erred by allowing
testimony regarding his 1987 felony conviction for car theft.  During
appellant’s testimony, his counsel asked him whether he had been previously
convicted of car theft, and appellant admitted that he had.[9] 
When the State asked him about the theft, appellant admitted that he had been
sentenced to four years’ confinement for committing it.  Appellant did not
object to the State’s questions about the theft.

          On
appeal, appellant argues that his conviction was too remote to be admitted.  He
relies on rule of evidence 609(b), which states,

Evidence of a conviction . . . is not admissible if a
period of more than ten years has elapsed since the date of the conviction or
of the release of the witness from the confinement imposed for that conviction,
whichever is the later date, unless the court determines, in the interests of
justice, that the probative value of the conviction supported by specific facts
and circumstances substantially outweighs its prejudicial effect.

Tex.
R. Evid. 609(b).  However, like appellant’s article 38.072 complaint, his rule
609(b) point required an objection at trial to be preserved for our review.  See Tex.
R. App. P. 33.1(a); Layton, 280 S.W.3d at 238–39; Heidelberg v. State,
112 S.W.3d 658, 664 (Tex. App.—Houston [1st Dist.] 2003), aff'd, 144
S.W.3d 535 (Tex. Crim. App. 2004); see also Mendez, 138 S.W.3d at 342 (“Except
for complaints involving systemic (or absolute) requirements, or rights that are
waivable only . . . , all other complaints, whether constitutional,
statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).”)
(emphasis added).

          Because
appellant elicited evidence about his theft conviction and did not object when
the State asked him about the conviction, we hold that he forfeited his ability
to complain about the evidence on appeal.  We overrule his fourth point.

Conclusion

          Having
overruled all of appellant’s points, we affirm the trial court’s judgments.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]The facts in this section
are based upon the evidence presented by the State’s witnesses.  We will
summarize appellant’s testimony below.





[3]To protect B.B.’s
identity, we will use an alias.





[4]Before trial, Brandy said
that appellant inappropriately touched her the first time while she was in her
room.  She said that appellant bumped her bed to wake her up, got on top of
her, and fondled and kissed her breasts.





[5]Moore said that when
Brandy was living with appellant, “something wasn’t setting right . . . with
the whole situation.”





[6]See Tex. Penal Code
Ann. §§ 21.11(a)(1), (d), 22.021(a)(1)(B), (2)(B), (e) (Vernon Supp. 2010).





[7]Appellant does not dispute
that Brandy was younger than fourteen years old at the time of the sexual
assault.  See id. § 22.021(a)(2)(B).





[8]Appellant also cites the
Texas constitution’s double jeopardy provision.  See Tex. Const. art. I,
§ 14.  Appellant does not argue that we should analyze his state double
jeopardy claim by using different standards than those that apply to his
federal claim.





[9]Appellant concedes in his
brief that his counsel “elicited testimony” about the car theft.